# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**DAVID EUGENE OPPIE**                                                                   **PLAINTIFF**

**v.**                           **No: 4:17-cv-620-JM-PSH**

**TIM RYALS; CAPT.**                                          **DEFENDANTS**
**CHRISTOPHER RIEDMUELLER;**
**and GARY ANDREWS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff David Eugene Oppie filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 while incarcerated at the Faulkner County Detention Center.[1] Doc. No. 2. Oppie alleged that he was exposed to black mold during his incarceration and denied access to the courts. *See* Doc. No. 2.

---

[1] Oppie states in his amended complaint that he was housed at the Faulkner County Detention Center between February 23 and sometime in May 2017. Doc. No. 5, page 1.

Oppie was granted leave to proceed *in forma pauperis* and ordered to file an amended complaint explaining why he believed he was exposed to black mold, how long he was exposed to black mold, whether the defendants were aware of his exposure to black mold, and whether he was injured as a result of this alleged exposure. Doc. No. 4. Additionally, Oppie was ordered to provide a factual basis for his claim that certain defendants denied him access to the courts. *Id*. Oppie subsequently filed an amended complaint addressing his exposure to black mold. Doc. No. 5. Oppie did not, however, provide a factual basis for his claim that certain defendants denied him access to the courts. *Id*.

Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Oppie had not exhausted claims his against them before he filed this lawsuit Doc. Nos. 25-27. Oppie filed a response to the Defendants' motion and statement of facts. Doc. No. 29. The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Defendants are entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.

*Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211.  The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA does not, however, prescribe the manner in which exhaustion occurs.  *See Jones v. Bock*, 549 U.S. at 218.  It merely requires compliance with prison grievance procedures to properly exhaust.  *See id.*  Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred.  *See id.*

Defendants argue that they are entitled to summary judgment because Oppie failed to exhaust his administrative remedies before he filed this lawsuit.  *See* Doc. No. 26.  In support of their motion for summary judgment, Defendants submitted an affidavit by Jail Administrator Chris

Riedmueller; grievances filed by Oppie in 2017; and a copy of the Faulkner County Detention Center's grievance policy. Doc. No. 27-1.

Oppie did not file a grievance regarding his claim that he was exposed to black mold during his incarceration. *Id.* at 1. The Faulkner County Detention Center had a grievance process in place in 2017 for inmates to raise concerns about alleged constitutional violations, including, but not limited to, those concerning the conditions of confinement. *Id.* at 1 & 12-13. The Defendants submitted a record of Oppie's grievances filed while he was incarcerated there. *Id.* at 2-11. Oppie's grievance record shows that Oppie filed numerous grievances before he filed this lawsuit on September 26, 2017, but none grieved the issue of black mold. *Id.*

Oppie contends that detention center staff ignored his complaints regarding the black mold. Doc. No. 29 at 1. Oppie alleges he told staff about the black mold, and they told him they would speak to "someone higher up." *Id.* Oppie claims he filed a grievance regarding black mold through the electronic grievance procedure but received no response. *Id.* at 1-2. Oppie claims he then made verbal requests about the mold for two months before filing suit. *Id.* at 2.

The Defendants correctly assert that they are entitled to summary judgment because Oppie failed to exhaust his administrative remedies before he filed this lawsuit. The Faulkner County Detention Center's grievance procedure provides that grievances must be made in writing. Accordingly, Oppie's verbal complaints could not serve to exhaust his administrative remedies. Further, Oppie's prior use of the grievance process demonstrates that Oppie was familiar with the Faulkner County Detention Center's grievance process when he filed this lawsuit in 2017. Although Oppie claims he submitted a grievance regarding black mold, he has not produced any

evidence to support that claim.[2]  For these reasons, the Defendants are entitled to summary judgment.[3]

Finally, to the extent Oppie raised an access-to-courts claim, it should be dismissed for failure to state a claim because Oppie never provided any factual basis to support such a claim.

### IV.  Conclusion

Oppie did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, the Defendants are entitled to summary judgment and Oppie's claim(s) against the Defendants should be dismissed without prejudice.

DATED this 9th day October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.")).

[3] Oppie argues the Defendants should not be awarded summary judgment because other cases regarding black mold in the Faulkner County Detention Center are still pending.  Oppie misunderstands the mandatory nature of exhaustion; if he did not exhaust his administrative remedies before filing suit, the Court must dismiss his case.